

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) <br> ) CIVIL ACTION NO. CCB-02CV1586 |
| THE ORDER PEOPLE COMPANY f/k/a CORPORATE EXPRESS CALLCENTER SERVICES, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

### STIPULATION AND ORDER OF DISMISSAL

The above entitled action has been compromised and settled between the Plaintiff, Equal Employment Opportunity Commission, and Defendant, The Order People Company f/k/a Corporate Express Callcenter Services, subject to the terms and conditions of an Agreement executed by the Parties on the 2nd day of May 2002, attached hereto as Exhibit "A".

THEREFORE IT IS HEREBY STIPULATED and ORDERED that this action is dismissed with prejudice except that this Court shall

retain jurisdiction over this action for the sole purpose of enforcing the Agreement between the Parties referenced herein.

Date: *May 24, 2002*                    Respectfully submitted,

FOR DEFENDANT,                           FOR PLAINTIFF,

_____                  _____
TRACI BURCH, ESQ.                        REGINA M. ANDREW, ESQ.
Littler Mendelson                        EQUAL EMPLOYMENT OPPORTUNITY
The World Trade Center                   COMMISSION
401 East Pratt Center                    10 S. Howard Street
Suite 1653                               Suite 3000
    Baltimore, MD 21202                      Baltimore, MD 21201
(410) 528-9545                           (410) 962-4220

**SO ORDERED.**

Signed and entered this 28th day May 2002.

_____
UNITED STATES DISTRICT JUDGE

H:\Stip of dismissal.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, Suite 3000<br>Baltimore, Maryland 21201<br>              Plaintiff, | )<br>)<br>)<br>)<br>)<br>)    Civil Action No.: CCB-02CV1586<br>) |
| THE ORDER PEOPLE COMPANY f/k/a<br>CORPORATE EXPRESS<br>CALLCENTER SERVICES,<br>31550 Winter Place Parkway<br>Salisbury, Maryland 21804<br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT

All parties, in order to effectuate a compromise and settlement of all claims enter into this Settlement Agreement ("Agreement"). After careful review and consideration, they do so knowingly and voluntarily.

1.      Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission" or "EEOC"), commenced the above-entitled action, in the United States District Court for the District of Maryland, Northern Division, alleging that the Defendant, The Order People Company, f/k/a Corporate Express Callcenter Services ("The Order People Company") is liable for employment discrimination against Mr. Gard, a devout Jehovah's Witness, caused by its predecessor's failing to accommodate his religious beliefs and practices, which included not attending employer sponsored training for, or servicing certain potential customers of Playboy,



EXHIBIT "A"

client of the predecessor, and his discharge.

2.  Although the underlying charge of employment discrimination was originally filed against Corporate Express Callcenter Services, the charge was amended to include The Order People Company due to change in ownership, whereby The Order People Company assumed the liabilities of the underlying charge of discrimination.

3.  As a result of full and candid settlement discussions, the parties have resolved their differences, as set forth herein, and have agreed that the above-entitled actions should be dismissed, as set forth herein.  It is the intent of the parties that this Agreement be a final and binding settlement in full disposition of any and all claims alleged against the Order People Company f/k/a Corporate Express Callcenter Services, Inc.

## REPRESENTATIONS

4.  Defendant acknowledges that the Commission is the agency of the United States government authorized by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq., ("Title VII") to investigate allegations of unlawful employment discrimination based on religion, to bring civil actions to eradicate unlawful employment practices, and to seek relief for individuals affected by such practices.

5.  Pursuant to Title VII, the parties acknowledge the jurisdiction of the United States District Court for the District of Maryland, Northern Division, over the subject matter and of the parties to these actions.

6.  Pursuant to Title VII, the parties acknowledge that venue is appropriate for this action in the District of Maryland, Northern Division.  Defendant acknowledges that all procedural pre-requisites to the institution of this action against them have been fulfilled.

7. No party shall contest the jurisdiction of this Court to enforce this Settlement Agreement and its terms or the right of any party to bring an enforcement suit upon breach of any of the terms of this Settlement Agreement by any other party. Breach of any term of this Settlement Agreement should be deemed to be a substantive breach of this Settlement Agreement. Nothing in this Settlement Agreement shall be construed to preclude either party from bringing proceedings to enforce this Settlement Agreement in the event that a party fails to perform any of the promises and representations contained herein. Jurisdiction over any claim of a breach of this Settlement Agreement shall reside in the United States District Court for the District of Maryland.

8. The parties acknowledge that the terms and provisions of this Agreement are fair, reasonable, and just. The rights of Defendant and the Commission, and Geoffrey K. Gard, on whose behalf the Commission seeks relief are protected adequately by this Agreement.

9. This Agreement will further the objectives of Title VII and will be in the best interests of the parties and the individual for whom the Commission seeks relief, particularly by obviating the expenses of litigation.

## NON-ADMISSION

10. This Agreement, being entered into with the consent of the parties, shall not constitute an adjudication or finding on the merits of the action and shall not be construed as an admission by Defendant of any violation of Title VII or any other law, rule or regulation dealing with or in connection with equal employment opportunities. Nor shall this Agreement be construed as an admission by EEOC of a lack of merit of its contentions of discrimination.

## NON-DISCRIMINATION

11. The Order People Company shall comply with the obligations of Title VII, with regard to discrimination on the basis of religion.

12. The Order People Company agree that before terminating an employee requesting a religious accommodation, it will attempt to reasonably accommodate the individual's religious beliefs and will offer such reasonable accommodation to the individual so long as it does not amount to an undue hardship, and is otherwise in accordance with law.

## PURGING OF FILES

13. The Order People Company shall purge the personnel file of Geoffrey K. Gard, or any other files which it maintains on him of all information regarding his charge of discrimination and this action, and the incidents which led to the charges and the lawsuit, and shall not place such information in such personnel file at any time in the future.

## MONETARY COMPENSATION

14. The Order People Company shall pay to Geoffrey K. Gard a total of ten thousand dollars ($10,000.00) in compensatory damages, payment of said amount is to be mailed directly to Geoffrey K. Gard. The Order People Company shall send this payment by certified mail/return receipt requested within ten business days after this Agreement has been executed. Within twenty days of this payment, The Order People Company shall send to the Commission's attorney of record a photocopy of the check along with a copy of the certified mail delivery/return receipt card.

## **MISCELLANEOUS**

15. After The Order People Company has complied with the monetary compensation provisions of the Agreement, the parties shall file a Stipulation of Dismissal with the Court in the above-entitled action and any other papers required to obtain dismissal with prejudice of the above-entitled action. Except as expressly provided herein, all parties shall bear their own costs and expenses of litigation, including attorneys' fees.

16. If any provision(s) of this Agreement is found to be unlawful, only the specific provision(s) so found shall be affected and the other provisions shall remain in full force and effect.

17. The terms of this Agreement are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Defendant.

18. This Agreement constitutes the entire agreement between the parties. Any modifications to this Agreement must be mutually agreed upon and memorialized in a writing signed by the parties.

FOR DEFENDANT:

TRACI BURCH, ESQ.
Littler Mendelson
The World Trade Center
401 East Pratt Street
Suite 1653
Baltimore, MD 21202
(410) 528-9545

FOR PLAINTIFF:

GWENDOLYN YOUNG REAMS
Associate General Counsel

GERALD S. KIEL
Regional Attorney

STEPHEN P. O'ROURKE
Supervisory Trial Attorney

5

2 May 02
Date

_(signature)_
REGINA ANDREW
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore District Office
10 S. Howard, 3rd Floor
Baltimore, Maryland 21201
(410) 962-4220